UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SVETLANA TRAVIS,

                Plaintiff,

      -v-

BANK OF AMERICA, N.A.,

                Defendant.

22-CV-10102 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Defendant removed this action from the Supreme Court of the State of New York, New York County on November 29, 2022. Defendant invokes diversity of citizenship, under 28 U.S.C. § 1332(a), as the basis for removal. Section 1332(a) requires that an action brought under this Court's diversity jurisdiction include complete diversity of the parties, which is satisfied here, and an amount in controversy in excess of $75,000. Plaintiff's complaint, which asserts a claim solely for breach of contract, does not demand a particular sum for damages. Defendant contends that the amount in controversy is satisfied because Plaintiff made a pre-filing settlement demand for $1,500,000. (Dkt. No. 1-2 at 2).

The party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy. *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994) ("[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court.").

Although the sum claimed by the plaintiff generally controls, the Court must dismiss an action if it is "convinced to a legal certainty that the plaintiff cannot recover an amount in excess

of the minimum statutory jurisdictional amount." *TongkookAm., Inc. v. Shipton Sportswear* Co., 14 F.3d 781, 784 (2d Cir. 1994).

"Punitive damages are not recoverable for an ordinary breach of contract." *Rocanova v. Equitable Life Assurance Soc'ty of the United States*, 612 N.Y.S.2d 339 (1994*); Carvel Corp. v. Noonan*, 350 F.3d 6, 24 (2d Cir. 2003) ("[P]unitive damages are unavailable in ordinary contract actions."). Additionally, damages for pain and suffering are not generally recoverable in breach of contract actions under New York law. *Agbaje v. Bah*, No. 09 CIV. 6201 DLC RLE, 2010 WL 6370541, at *6 (S.D.N.Y. Dec. 23, 2010), *report and recommendation adopted*, No. 09 CIV. 6201 DLC, 2011 WL 1197641 (S.D.N.Y. Mar. 25, 2011) (citing *Burnell v. Morning Star Homes*, Inc., 114 A.D.2d 657 (3d Dep't 1985)). Further, "Attorney's fees are generally not included in the amount in controversy calculation unless the relevant substantive statute makes a fee award recoverable as a matter of right, rather than a matter of discretion." *Howard v. Anthem, Inc.*, No. 3:22-CV-476 (SVN), 2022 WL 15261908, at *4 (D. Conn. Oct. 26, 2022)

Defendant states in its notice of removal that Plaintiff requested an amount in excess of the jurisdictional amount during settlement negotiations, but it is unclear whether Plaintiff's most recent $1.5 million demand encompasses damages that are fully recoverable under New York law.

Plaintiff and Defendant are therefore each directed to submit letters stating the basis upon which this matter exceeds the $75,000 threshold for diversity jurisdiction cases. The parties shall submit these letters on or before December 23, 2022.

Defendant's request for an extension of time to answer, move, or otherwise respond is GRANTED. Defendant shall answer, move, or otherwise respond to the complaint on or before January 13, 2023.

The Clerk of Court is directed to terminate the motion at Docket Number 5 and to mail a

copy of this order to the pro se party.


        SO ORDERED.

Dated:  December 5, 2022
        New York, New York

_____
        J. PAUL OETKEN
        United States District Judge

3