**McGuireWoods**

McGuireWoods LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

Shan P. Massand
Direct: 212.548.2172.
smassand@mcguirewoods.com

December 20, 2022

<u>**Via ECF**</u>

Hon. J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

  **Re:**  <u>*Svetlana Travis v. Bank of America, N.A.*</u>
     <u>Case No. 1:22-cv-10102-JPO</u>

Dear Judge Oetken:

  This firm represents Defendant Bank of America, N.A. ("BANA") in the above-referenced action. This letter is submitted in response to Your Honor's order dated December 5, 2022 directing BANA to state the basis upon which this matter exceeds the $75,000.00 threshold for diversity jurisdiction cases. (ECF No. 7).

  On November 29, 2022, BANA removed this matter to this Court on the basis of diversity jurisdiction, asserting that there was complete diversity of citizenship and that the amount in controversy had been met due to the fact that Plaintiff's settlement demand is $1,500,000.00. (ECF No. 1). BANA contends that Plaintiff's settlement demand—combined with Plaintiff's own submission regarding her damages (ECF No. 12)—is sufficient support to establish the amount in controversy exceeds the $75,000 jurisdictional threshold. As such, BANA submits that this Court has jurisdiction over this case.

  This Court has original jurisdiction over this action under 28 U.S.C. § 1332, which provides in relevant part: "The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . (1) citizens of different States . . . ." There is no dispute that the Parties are citizens of different states. At issue here is whether the amount in controversy exceeds the jurisdictional amount. Due to Plaintiff's statement that the amount claimed exceeds $75,000.00, as well as her settlement demand for $1,500,000.00, the jurisdictional threshold has been met.

  Generally, where a case is not removable based on the complaint, a defendant may file a notice of removal "within 30 days after receipt . . . of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (emphasis added); *see also* 28 U.S.C. § 1446 (c)(3)(A). A pre-removal settlement demand, such as that made by Plaintiff here, constitutes

Atlanta | Austin | Baltimore | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C.

December 19, 2022
Page 2

"other paper" within the meaning of 28 U.S.C. § 1446(b)(3) and can serve as the basis for removal jurisdiction. *See, e.g.*, *Morrow v. Daimlerchrysler Corp.,* 451 F. Supp. 2d 965, 968-69 (N.D. Ill. 2006) (holding that a post-complaint settlement demand was "other paper" pursuant to Section 1446(b)); *Willyard v. Wal-Mart Stores, Inc.,* No. 09-cv-295-DRH, 2009 WL 3816820 * 3 (S.D. Ill. Nov. 13, 2009) (denying motion to remand where post-complaint settlement demand exceeded the jurisdictional threshold); *Johnson v. Valenzuela Acosta*, No. 3:22-cv-82-DJH-CHL, 2022 U.S. Dist. LEXIS 90240 (W.D. Ky. May 18, 2022) (concluding that the plaintiffs' settlement demand letter was an "other paper" that provided the defendants with solid and unambiguous information that the amount in controversy exceeded $75,000 and the case was removable); *Intzekostas v. Atria Ctr. City*, No. 20-5540, 2020 U.S. Dist. LEXIS 244138, at *9 (E.D. Pa. Dec. 29, 2020) ("If the complaint did not provide notice of the amount in controversy, under section 1446(b)(3)'s 'other paper' language, the settlement demand made on October 9, 2020 triggered the thirty-day removal period."); *Carvalho v. Equifax Info. Svcs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) ("a demand letter sent during the course of the state court action can constitute 'other paper' within the meaning of section 1446(b)"); *Hall v. Delta Air Lines, Inc.*, 340 F. Supp. 2d 596 (D.V.I. 2004) (stating that a settlement demand letter may constitute an "other paper" upon which removability can be based under 1446(b)); *Arrelano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1108 (S.D. Cal. 2003) (holding that removal on the basis of diversity jurisdiction was proper, stating "[i]f damages are not clearly specified in the pleadings, the court may rely upon a variety of documents, including written settlement demands."); *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995) (finding a pre-removal settlement demand to be "valuable evidence to indicate the amount in controversy at the time of removal"); *Rahwar v. Nootz*, 863 F. Supp. 191 (D.N.J. 1994) (holding that the plaintiff's statement of damages letter was an "other paper" within the meaning of section 1446(b)); *see also* 14C Charles Allen Wright et al., Federal Practice and Procedure § 3731 (Rev. 4th ed. 2018) (noting that "correspondence between the parties and their attorneys or between the attorneys usually are accepted" by federal courts "as 'other papers,' receipt of which can initiate a 30-day period of removability.").

"A removing party need not show that the plaintiff will *prevail* or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 815-16 (7th Cir. 2006) (emphasis in original; citations omitted); *see also Brill v. Countrywide Home Loans, Inc.,* 427 F. 3d 446, 449 (7th Cir. 2005) (a removing party must show "what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks").

Here, Plaintiff has now asserted that she is seeking more than $75,000.00 from this litigation. Accordingly, the jurisdictional threshold has been met by Plaintiff's own contention and demand, and this Court has jurisdiction over this matter.

                                                       Respectfully submitted,

                                                       */s/ Shan Massand*

December 19, 2022
Page 3

                                                                                                                   Shan P. Massand

cc:      Svetlana Travis (via ECF)
           *Pro Se Plaintiff*