**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SVETLANA TRAVIS,                                          :
                                                          :   Case No. 1:22-CV-10102-JPO
                               Plaintiff,                 :
                                                          :
                    v.                                    :
                                                          :
BANK OF AMERICA, N.A.,                                    :
                                                          :
                               Defendant.                 :
                                                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO**
**<u>DISMISS PLAINTIFF'S COMPLAINT</u>**

Shan P. Massand
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Telephone: (212) 548-2100
Facsimile: (212) 548-2150
smassand@mcguirewoods.com

*Attorneys for Defendant Bank of America, N.A.*

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................................................... 1

PROCEDURAL BACKGROUND............................................................................................ 2

STANDARD OF REVIEW ..................................................................................................... 2

ARGUMENT ........................................................................................................................... 3

I.  Plaintiff's Claim is Barred by the Statute of Limitations. .................................................. 3

II.  Plaintiff Fails to Properly Plead a Breach of Implied-in-Fact Contract Claim.................... 4

III.  Plaintiff's Breach of Implied-in-Fact Contract Claim Also Fails Because There is An Express Agreement Between the Parties. .......................................................................... 6

CONCLUSION........................................................................................................................ 7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*Arar v. Ashcroft,*
    585 F.3d 559 (2d Cir. 2009) .................................................................................................2

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................................2, 3

*Assoko v. City of New York,*
    539 F. Supp. 2d 728 (S.D.N.Y. 2008) ...............................................................................6

*Bader v. Wells Fargo Home Mortg., Inc.,*
    773 F.Supp. 2d 397 (S.D.N.Y. 2011) ................................................................................6

*Bear Stearns Inv. Products, Inc. v. Hitachi Automotive Products (USA), Inc.,*
    401 B.R. 598 (S.D.N.Y. 2009) ..........................................................................................4

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................................................2, 3

*Berman v. Sugo LLC,*
    580 F. Supp 2d 191 (S.D.N.Y. 2008) ................................................................................5

*Broadvision Inc. v. GE,*
    2009 WL 2603145 (S.D.N.Y. Aug. 13, 2009) ..................................................................6

*Broder v. Cablevision Sys. Corp.,*
    418 F.3d 187 (2d Cir. 2005) ..............................................................................................6

*Ellis v. Provident Life & Accident Ins. Co.,*
    3 F. Supp. 2d 399 (S.D.N.Y. 1998) ...................................................................................5

*Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co.,*
    375 F.3d 168 (2d Cir. 2004) ..............................................................................................4

*Guilbert v. Gardner,*
    480 F.3d 140 (2d Cir. 2007) ..............................................................................................4

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel.,*
    62 F.3d 69 (2d Cir. 1995) ..................................................................................................6

*Jahorgy v. New York State Dep't of Educ.,*
    131 F.3d 326 (2d Cir. 1997) ..............................................................................................3

*Joyner v. Greiner*,
195 F. Supp. 2d 500 (S.D.N.Y. 2002)........................................................................3

*Posner v. Minnesota Mining & Mfg. Co.*,
713 F. Supp. 562 (E.D.N.Y. May 19, 1989)..............................................................5

*Soley v. Wasserman*,
823 F. Supp. 2d 221 (S.D.N.Y. 2011).......................................................................6

*Structured Mortg. Trust 1997-2 v. Daiwa Fin.Corp.*,
No. 02 Civ. 3232 (SHS), 2003 WL 548868 (S.D.N.Y. Feb. 25, 2003) .....................4

*Verzani v. Costco Wholesale Corp.*,
641 F. Supp. 2d 291 (S.D.N.Y. 2009).......................................................................6

*Wells Fargo Bank, N.A. v. JPMorgan Chase Bank, N.A.*,
No. 12 Civ. 6168(MGC), 2014 WL 1259630 (S.D.N.Y. Mar. 27, 2014)..................4

*Williams v. Hernandez*,
2009 WL 2252103 (S.D.N.Y. July 22, 2009) ...........................................................3

*Wolff v. Rare Medium, Inc.*,
210 F. Supp. 2d 490 (S.D.N.Y. 2002), *aff'd*, 65 F. App'x 736 (2d Cir. 2003).........5

**STATE CASES**

*Ely-Kruishank Co. v. Bank of Montreal*,
81 NY2d 399 (1993) ..................................................................................................4

*Julien J. Studley, Inc. v. New York News, Inc.*,
70 N.Y.2d 628, 518 N.Y.S.2d 779 (1987) ................................................................6

*Ludemann Elec.v. Dickran*,
74 A.D.3d 1155, 903 N.Y.S.2d 532 (2d Dep't 2010) ...............................................6

*Valentino v. Davis*,
270 A.D.2d 635, 703 N.Y.S. 609 (3d Dep't 2000) ...................................................6

**RULES**

CPLR § 213(2)...................................................................................................................3

Fed. R. Civ. P. 12(b)(6)..................................................................................................1, 3

**OTHER AUTHORITIES**

https://nypost.com/2016/10/11/hooker-extorted-400k-from-spitzer-over-two-years-prosecutors/
(last visited Jan. 11, 2023) ........................................................................................4

https://www.nytimes.com/2016/10/12/nyregion/eliot-spitzer-assault-extortion.html (last visited
    Jan. 11, 2023).............................................................................................................................4

Defendant Bank of America, N.A. ("BANA") pursuant to Fed. R. Civ. P. 12(b)(6), moves this Court to dismiss Plaintiff Svetlana Travis' Complaint for failure to state a valid cause of action. In support of this Motion, BANA states as follows:

## INTRODUCTION

Plaintiff Svetlana Travis ("Plaintiff"), who has previously been embroiled in highly publicized legal proceedings involving allegations of sexual assault and extortion with former New York governor Eliot Spitzer ("Spitzer"), brings this frivolous action for breach of contract against BANA, seeking a $1,500,000.00[1] windfall.   Plaintiff apparently contends that many years ago, Spitzer forged her indorsements on checks and then deposited them into her BANA account to use as evidence in his extortion case against her.   Based on these incredulous allegations, Plaintiff claims BANA breached an implied-in-fact contract to protect her financial interests as it should have known and prevented Spitzer from depositing checks to her account.

However, Plaintiff's claims against BANA are meritless.   First, Plaintiff's breach of contract claim is time-barred as the alleged deposits took place more than six years before the filing of this action.   Second, Plaintiff's conclusory allegations fail to adequately plead the elements of a breach of contract claim and fail to specify the particular transactions she is complaining about.   Third, New York law is clear that a contract cannot be implied-in-fact when an express contract—here, the Deposit Agreement governing the account—already exists.   Even if Plaintiff's allegations were true, the express terms of the Deposit Agreement state that BANA can accept a check for deposit from anyone.

In short, Plaintiff's Complaint fails to set forth the requisite elements to establish a cause of action, and therefore should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).   To foreclose the

---

[1] *See* ECF No. 1-2.

possibility that Plaintiff will continue to harass BANA by pressing baseless claims in future filings, the Court should dismiss the Complaint with prejudice and without leave to amend as any amendment would be futile.

## PROCEDURAL BACKGROUND

On or about August 5, 2022, Plaintiff filed a Summons with Endorsed Complaint in the Civil Court of New York, County of New York bearing Index No. CV-010352-22/NY (the "State Civil Court Action"). *See* Massand Dec., Exhibit B.  After realizing the jurisdictional limit was capped at $50,000.00 in Civil Court, Plaintiff voluntarily discontinued the State Civil Court Action on September 26, 2022, vowing to re-file it in Supreme Court. *See* Massand Dec., Exhibit C.

On or about October 19, 2022, Plaintiff filed a second complaint against BANA in the Supreme Court of the State of New York, County of New York, bearing Index Number 100968/2022 (the "State Supreme Court Action"). *See* Massand Dec., Exhibit A.  On November 29, 2022, BANA timely removed the State Supreme Court Action to this Court. *See* ECF No. 1.

On December 5, 2022, the Court entered an order directing Plaintiff and BANA to state the basis upon which this matter exceeds the $75,000.00 threshold for diversity jurisdiction cases by December 23, 2022[2] and granted BANA's request for extension of time to answer, move or otherwise respond to Plaintiff's complaint to January 13, 2023. *See* ECF No. 7.

## STANDARD OF REVIEW

On a motion to dismiss, courts require "enough facts to state a claim to relief that is plausible on its face." *Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ."

---

[2] In response to the Order, Plaintiff submitted her letter on December 14, 2022 (ECF No. 12) and BANA its letter on December 20, 2022 (ECF No. 13).  The Court has yet to rule on the submissions.

*Twombly*, 550 U.S. at 570.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  In addition, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.

For a claim to be facially plausible, a plaintiff must plead "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added).  Thus, the relevant inquiry is not whether any facts *could be* invented that would state a claim for relief, but whether sufficient facts *have been pled* in the first instance to support the legal claims asserted.  *See Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" and dismissal is required "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct").  The Court may dismiss under Rule 12(b)(6) when "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief."  *Jahorgy v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997).

Furthermore, "[a]lthough the allegations of a pro se complaint are reviewed under less stringent standards than pleadings drafted by counsel, the duty to liberally construe plaintiff's complaint is not the equivalent of a duty to re-write it."  *Williams v. Hernandez*, 2009 WL 2252103, at *3-4 (S.D.N.Y. July 22, 2009) (quoting *Joyner v. Greiner*, 195 F. Supp. 2d 500, 503 (S.D.N.Y. 2002)).

## ARGUMENT

### I.  Plaintiff's Claim is Barred by the Statute of Limitations.

As an initial matter, Plaintiff's breach of contract claim is time-barred because New York law provides a six-year statute of limitations for actions sounding in contract (*see* CPLR § 213(2);

*Ely-Kruishank Co. v. Bank of Montreal*, 81 NY2d 399, 402 (1993); *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007)).  Although Plaintiff fails to allege any specifics about the checks that Spitzer allegedly deposited to her accounts – such as the amounts, dates, check numbers, or payees – media reports[3] show the alleged extortion payments from Spitzer were made between 2014 and 2016.  In addition, in the Civil Court lawsuit she filed in August 2022 against BANA based on these same allegations, Plaintiff claimed she was entitled to interest dating from July 30, 2016.  Massand Dec., Exhibit B.  As more than six years have passed between the time that the alleged payments were made to the time that Plaintiff filed this lawsuit in October 2022, the claim is time-barred and should be dismissed with prejudice.  *See, e.g., Structured Mortg. Trust 1997-2 v. Daiwa Fin. Corp.*, No. 02 Civ. 3232 (SHS), 2003 WL 548868 (S.D.N.Y. Feb. 25, 2003) (granting defendant's 12(b)(6) motion to dismiss breach of contract claim because action was filed after the statute of limitations expired); *Wells Fargo Bank, N.A. v. JPMorgan Chase Bank, N.A.*, No. 12 Civ. 6168(MGC), 2014 WL 1259630 (S.D.N.Y. Mar. 27, 2014).

## II.   <u>Plaintiff Fails to Properly Plead a Breach of Implied-in-Fact Contract Claim.</u>

Even if it were timely, Plaintiff's breach of contract claim would still fail.  A plaintiff pursuing a breach of contract claim in New York must plead facts showing: (1) existence of an agreement; (2) performance by plaintiff; (3) breach of contract by defendant; and (4) resulting damage.  *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co.*, 375 F.3d 168, 177 (2d Cir. 2004).  "Under New York law, absent a written agreement between the parties, 'a contract may be implied where inferences may be drawn from the facts and circumstances of the case and the intention of the parties as indicated by their conduct.'"  *Bear Stearns Inv. Products, Inc. v. Hitachi*

---

[3] *See* "Hooker extorted $400K from Spitzer over two years: prosecutors" https://nypost.com/2016/10/11/hooker-extorted-400k-from-spitzer-over-two-years-prosecutors/ (last visited Jan. 11, 2023); "Woman Who Accused Spitzer of Assault Faces Extortion Charges" https://www.nytimes.com/2016/10/12/nyregion/eliot-spitzer-assault-extortion.html (last visited Jan. 11, 2023).

*Automotive Products (USA), Inc.*, 401 B.R. 598, 615 (S.D.N.Y. 2009) (quoting *Ellis v. Provident Life & Accident Ins. Co.*, 3 F. Supp. 2d 399, 409 (S.D.N.Y. 1998)).

Furthermore, "[s]tating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." *Berman v. Sugo LLC*, 580 F. Supp 2d 191, 202 (S.D.N.Y. 2008). Rather, the complaint "must identify the specific provision of the contract that was breached as a result of the acts at issue." *Wolff v. Rare Medium, Inc.*, 210 F. Supp. 2d 490, 494 (S.D.N.Y. 2002), *aff'd*, 65 F. App'x 736 (2d Cir. 2003).

Here, Plaintiff has utterly failed to plead a breach of contract claim. Plaintiff alleges an implied contract was formed between the parties "in which Defendant agreed to act in her best financial interests." Plaintiff does not plead any facts or circumstances that led to the formation of this alleged implied contract, nor does she plead any course of conduct by the parties that arguably would have led to one. Plaintiff also fails to identify any specific transactions that were unauthorized, when they were made, and in what amounts. *See generally* Complaint. Instead, Plaintiff only makes conclusory statements that BANA breached this alleged implied contract by failing to exercise control over her account by allowing Spitzer to steal her identity, forge her signature on checks and make transactions in her name. Such bare assertions are insufficient to sustain Plaintiff's breach of contract claim. *See Posner v. Minnesota Mining & Mfg. Co.*, 713 F. Supp. 562, 563-64 (E.D.N.Y. May 19, 1989) (dismissing a breach of contract claim, even under the more lenient standard for pro se plaintiffs, where "[a]lthough the existence of a contract is alleged, plaintiffs fail to set forth any specific information as to when the agreement was made, the terms of the agreement upon which liability is predicated, or any other evidence supporting the formation of an agreement"). Accordingly, Plaintiff's breach of contract claim must be dismissed.

**III.    Plaintiff's Breach of Implied-in-Fact Contract Claim Also Fails Because There is An Express Agreement Between the Parties.**

Moreover, the law is well-settled that a "contract cannot be implied in fact when there is an express contract covering the subject matter". *Broadvision Inc. v. GE*, 2009 WL 2603145, at *3 (S.D.N.Y. Aug. 13, 2009) (quoting *Julien J. Studley, Inc. v. New York News, Inc.*, 70 N.Y.2d 628, 518 N.Y.S.2d 779 (1987)); *Bader v. Wells Fargo Home Mortg., Inc.*, 773 F.Supp. 2d 397, 413 (S.D.N.Y. 2011) ("However, 'a contract cannot be implied *in fact* where the facts are inconsistent with its existence . . . or where there is an express contract covering the subject-matter involved.'") (citing *Ludemann Elec.v. Dickran*, 74 A.D.3d 1155, 903 N.Y.S.2d 532 (2d Dep't 2010) (emphasis in original)); *Soley v. Wasserman*, 823 F. Supp. 2d 221, 230 (S.D.N.Y. 2011) (same); *Valentino v. Davis*, 270 A.D.2d 635, 703 N.Y.S. 609, 612 (3d Dep't 2000) ("A contract may not be implied in fact from the conduct of the parties where it appears they intended to be bound only by a formal written agreement."). Because there already was an express contract between Plaintiff and BANA governing the account in place (*see* Massand Dec., Exs. E-H), Plaintiff's claim based on an implied-in-fact contract with BANA fails.[4]

---

[4] The Deposit Agreement (to which Plaintiff acknowledged and agreed to by executing a signature card when she opened her account, and which allowed for periodic amendments by BANA) (*see* Massand Dec., Ex. D, Personal Signature Card) covering the account-at-issue should be allowed and considered on this motion. "On a motion for failure to state a claim, a court is not limited solely to the allegations in the complaint." *Bader*, 773 F. Supp. 2d 397, 406-7. "Where a plaintiff has relied on the terms and effect of a document in drafting the complaint, and that document is thus integral to the complaint, [a court] may consider its contents even if it is not formally incorporated by reference." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 196 (2d Cir. 2005) (quotation marks omitted). Indeed, "where the claim is for breach of contract, the complaint is deemed to incorporate the contract by reference because the contract is integral to the plaintiffs' claim." *Verzani v. Costco Wholesale Corp.*, 641 F. Supp. 2d 291, 297-98 (S.D.N.Y. 2009); *see also Assoko v. City of New York*, 539 F. Supp. 2d 728, 732 n. 1 (S.D.N.Y. 2008) (same); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel.*, 62 F.3d 69, 72 (2d Cir. 1995) ("[W]hen a plaintiff choses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint,' the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." (citation omitted)).

In fact, the Deposit Agreement does not support any claim that BANA violated its terms by allowing a third-party to deposit checks into Plaintiff's account, but expressly provides that BANA can accept a check from anyone for deposit to a customer's account:

**Cashing Items or Accepting Items for Deposit**

- We may accept a check or other item for deposit to your account from anyone.  We do not have to question the authority of the person making the deposit.

Massand Dec., Exhibits E-H, Deposit Agreements, p. 17.

Therefore, even assuming Spitzer deposited checks with forged indorsements into her account as Plaintiff alleges, she agreed that BANA could accept them and BANA would have no obligation to question his authority to do so.  *See 2006 Frank Calandra, Jr. Irrevocable Trust*, 816 F. Supp. 2d 222, 236 (S.D.N.Y. 2001), *aff'd*, 503 F. App'x 51 (2d Cir. 2012) ("The bank-customer relationship provides for no greater implied responsibilities than those expressly stated in the banking agreements.").  Accordingly, the Plaintiff's breach of contract claim must be dismissed on this additional basis.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint against BANA in its entirety with prejudice and without leave to amend as any amendment would be futile, and award any such other relief it deems just and proper.

Dated: New York, New York
      January 13, 2023             Respectfully submitted,

                                   */s/ Shan Massand*
                                   Shan P. Massand
                                   MCGUIREWOODS LLP
                                   1251 Avenue of the Americas, 20th Floor
                                   New York, New York 10020-1104
                                   Phone: (212) 548-2100
                                   Fax: (212) 715-2314

smassand@mcguirewoods.com

*Attorneys for Defendant Bank of America, N.A.*