UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SVETLANA TRAVIS,
                           Plaintiff,

               -v-

BANK OF AMERICA, N.A.,
                           Defendant.

22-CV-10102 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

     Plaintiff has filed an application for the Court to request counsel. (Dkt. No. 10.) For the following reasons, Plaintiff's application is denied at this time.

## LEGAL STANDARD

     The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Courts must grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

     In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. First, the litigant must demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of

substance" – "a requirement that must be taken seriously." *Id.* at 60–61. *See also Johnston v. Mah*a, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit."). "In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them to raise the strongest arguments that they suggest." *Greenland v. Municipality of Westchester Cnty.*, No. 18-CV-3157 (KMK), 2020 WL 4505507, at *3 (S.D.N.Y. Aug. 4, 2020) (cleaned up).

If the first inquiry is satisfied, the court must then consider "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented . . . the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003) (cleaned up).

## DISCUSSION

Plaintiff filed a Request to Proceed in Forma Pauperis (IFP), which the Court hereby grants. (*See* Dkt. No. 9). Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff asserts claims for breach of contract, alleging that Defendant permitted a third party—Eliot Spitzer—to forge Plaintiff's signature and make transactions in her name. This was allegedly part of a scheme to frame Plaintiff for extorting Spitzer, after Plaintiff had accused Spitzer of sexual assault.

The Court cannot determine at this point whether Plaintiff's claim is "likely to be of substance" or shows "some chance of success." *Hodge*, 802 F.2d 61-62. But even taking Plaintiff's pleadings to raise the strongest arguments they suggest, the Court finds that the appointment of pro bono counsel is not warranted at this time. The underlying allegations are

relatively straightforward: Plaintiff accuses Defendant of permitting Spitzer to access her account, including during periods when she was abroad and when she was under police investigation. She also accuses Defendant of accepting the forged checks despite the fact that it should have reasonably known that the signature on the checks did not belong to her. She also states that Defendant provided the Bronx District Attorney's office with videos of Spitzer depositing checks with forged signatures. Plaintiff is equipped to investigate these crucial facts because they either relate to information within her knowledge (i.e. the dates when she did and did not have access to her account) or information that is easy to understand once disclosed (i.e. whether Spitzer is shown in a video depositing money into her account). Likewise, the key legal issues here are not especially complex; Plaintiff's success will turn on whether any implied-in-fact contract existed and was breached.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for the Court to request counsel is denied. Denial of Plaintiff's request is without prejudice to Plaintiff's renewed application later in the case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close the motion at Docket Number 10.

SO ORDERED.

Dated: January 19, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge