**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SVETLANA TRAVIS,

                        Plaintiff,

           v.

BANK OF AMERICA, N.A.,

                      Defendant.

      Case No. 1:22-CV-10102-JPO

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Shan P. Massand
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Telephone: (212) 548-2100
Facsimile: (212) 548-2150
smassand@mcguirewoods.com

*Attorneys for Defendant Bank of America, N.A.*

**<u>TABLE OF CONTENTS</u>**

**Page**

PRELIMINARY STATEMENT.............................................................................................................1

ARGUMENT .....................................................................................................................................1

I.      Plaintiff's Claim for Breach of Contract Still Fails as a Matter of Law. ...........................1

CONCLUSION..................................................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berman v. Sugo LLC*,
580 F. Supp. 2d 191 (S.D.N.Y. 2008)................................................................2, 3

*Ely-Cruikshank v. Bank of Montreal*,
81 N.Y.2d 399 (1993).................................................................................1

*First Investors Corp. v. Liberty Mut. Ins. Co.*,
152 F.3d 162 (2d Cir. 1998).........................................................................2

*Guilbert v. Gardner*,
480 F.3d 140 (2d Cir. 2007).........................................................................1

*K.D. v. White Plains Sch. Dist.*,
921 F. Supp. 2d 197 (S.D.N.Y. 2013)..............................................................2

*Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
597 F.3d 84 (2d Cir. 2010)..........................................................................5

*Negrete v. Citibank, N.A.*,
187 F. Supp. 3d 454 (S.D.N.Y. 2016), *aff'd*, 759 F. App'x 42 (2d Cir. 2019) ........................3

*Peacock v. Suffolk Bus Corp.*,
100 F. Supp. 3d 225 (E.D.N.Y. 2015) .............................................................2

*Posner v. Minnesota Min. & Mfg. Co.*,
713 F. Supp. 562 (E.D.N.Y. 1989)..................................................................3

*Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.*,
455 F. App'x 102 (2d Cir. 2012)....................................................................3

*Wright v. Ernst & Young LLP*,
152 F.3d 169 (2d Cir. 1998).........................................................................2

**Statutes**

NY UCC § 4-A-505 ....................................................................................4, 5

**Other Authorities**

NY CPLR § 213(2) .....................................................................................1

NY CPLR § 213(8) .....................................................................................2

## PRELIMINARY STATEMENT

In Plaintiff's opposition to Bank of America, N.A.'s ("BANA's") motion to dismiss, Plaintiff apparently concedes that her implied-in-fact contract fails, as she makes no response to BANA's arguments that this claim was insufficiently pled and that it cannot exist where there is a valid express contract between the parties. Instead, she pivots to arguing that she has stated a valid breach of contract claim by citing inapplicable portions of the Deposit Agreement while ignoring the directly applicable provision that allows BANA to accept deposits to her account from anyone. She also confusingly argues about forged checks on her account by Spitzer, but reading her opposition and her complaint as a whole, it is clear that she is not alleging that Spitzer forged her signature on checks drawn from her account, but instead forged her endorsement on checks that he wrote from himself to her and deposited them into her BANA account. Finally, Plaintiff mentions in passing that Spitzer allegedly used her online banking credentials to initiate wire transfers from her BANA account for her benefit while she was in Russia. Regardless of how she characterizes her claims, they are all insufficiently pled and barred as a matter of law by the statute of limitations, and therefore must be dismissed.

## ARGUMENT

I.    **Plaintiff's Claim for Breach of Contract Still Fails as a Matter of Law.**

As an initial matter, Plaintiff's breach of contract claim is time-barred as breach of contract claims in New York are subject to a six-year state of limitations. NY CPLR § 213(2); *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007). A cause of action for breach of contract ordinarily accrues and the limitations period begins upon breach. *Id.* at 149 (citing *Ely-Cruikshank v. Bank of Montreal*, 81 N.Y.2d 399 (1993)). The plaintiff need not be aware of the breach or wrong to start the period running. *See id.* at 987.

In her opposition, Plaintiff incorrectly argues for the application of the two-year statute of limitations based on the discovery of fraud (NY CPLR § 213(8)) to her breach of contract claim. Plaintiff has not alleged Defendant committed fraud, nor can she now allege fraud as "[i]t is well-settled that a plaintiff 'cannot amend [its] complaint by asserting new facts of theories for the first time in opposition to [a] motion to dismiss.'". *Peacock v. Suffolk Bus Corp.*, 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) (quoting *K.D. v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013)); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (rejecting argument raised for first time in opposition to a motion to dismiss the complaint). Spitzer's purported forgeries of her endorsement and deposits to her account took place between February 2016 and June 2016 (*see* ECF No. 26, Declaration, Exhibit 1, Affirmation in Support of Motion 440.10 to Vacate Criminal Judgment, pgs. 19-20). Furthermore, Plaintiff claimed in her Civil Court Complaint based on these same allegations (*see* Massand Dec., Ex. B) that she is entitled to interest from July 30, 2016. Based upon Plaintiff's own statements and pleadings, the transactions at issue took place more than six years before this lawsuit was filed in October 2022, and her breach of contract claim is therefore time-barred.

Even assuming Plaintiff's breach of contract claim was timely—which it is not—her claim would still fail. To state a claim for breach of contract under New York law, Plaintiff must allege: (i) the formation of an agreement; (ii) performance of the agreement by one party; (iii) breach of the agreement by the other party; and (iv) damages. *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) (citing *First Investors Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998)). "Stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." *Berman*, 580 F. Supp. 2d at 202. Rather, a claimant must make specific allegations that demonstrate the existence of an enforceable contract, the date of the

contract's formation, the contract's "major terms," and provide specific allegations about the parties to the agreement. *Id.*

Plaintiff does not do so. Instead, Plaintiff vaguely asserts "there was a breach in that Defendant allowed Spitzer to deposit checks in her account with a forged signature and sent that activity to the Bronx District Attorney's office with the knowledge that Plaintiff was under criminal investigation. The Plaintiff suffered damages in the amount of $50,000 because the Defendant allowed a check worth that amount in Plaintiff's account while she was incarcerated, when Defendants knew or reasonably should have known the checks were forged. Because of this, Plaintiff was indicted with felonies (*sic*) charges with $1 million bail." Besides the one $50,000 check, Plaintiff fails to identify what other "checks" were supposedly forged and deposited by Spitzer, how many checks were deposited, in what amounts, and the dates of the check deposits and unauthorized transactions. Plaintiff further fails to identify what specific provisions of the agreement Defendant allegedly breached, nor does she attach a copy of the agreement containing the provision that was supposedly breached to her complaint. *See Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 468 (S.D.N.Y. 2016), *aff'd*, 759 F. App'x 42 (2d Cir. 2019) ("A breach of contract claim will be dismissed, however, as being too vague and indefinite, where the plaintiff fails to allege, in nonconclusory fashion, the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated."); *Posner v. Minnesota Min. & Mfg. Co.*, 713 F. Supp. 562, 563 (E.D.N.Y. 1989) ("In asserting a breach of contract claim, the complaint must plead the terms of the agreement upon which defendant's liability rests."); *see also Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., L.L.C.*, 455 F. App'x 102, 104 (2d Cir. 2012) (summary order). Plaintiff's

3

Complaint does not set forth the terms of the agreement upon which liability is predicated. Accordingly, the breach of contract claim must be dismissed.

In her opposition, Plaintiff recites several sections of the Deposit Agreement, but notably, does not identify a single provision that prohibits BANA from accepting checks made payable to her for deposit to her account, even if presented for deposit by someone else. In fact, the Deposit Agreement specifically says that BANA can accept checks for deposit to her account from anyone:

### Cashing Items or Accepting Items for Deposit

- We may accept a check or other item for deposit to your account from anyone. We do not have to question the authority of the person making the deposit.

Massand Dec., Exhibits E-H, Deposit Agreements, p. 17.

Plaintiff claims there is a "conflict" between this provision and the Transferring Ownership provision which states "[y]our account is for your use only", but she fails to differentiate that the use of the account refers to ownership of the account, not whether Defendant can accept checks deposits from anyone.

Finally, Plaintiff briefly mentions in her opposition that Defendant allowed Spitzer to log in to her online banking and send wire transfers to her in Russia. According to Plaintiff's 440.10 Motion to vacate the judgement recently filed in her criminal case, these alleged unauthorized transactions took place from February through May 2016. *See* ECF No. 26, Declaration, Ex. 1, pgs. 19-20. Even if her allegations were true, any breach of contract claim would similarly be barred by the statute of limitations, as noted above. Furthermore, her claim would also be time-barred by the one-year statute of repose under NY UCC § 4-A-505 pursuant to which a bank is not required to reimburse its customer for a wire transfer processed pursuant to an unauthorized payment order if the bank's customer did not object within one year of receiving notice of the

4

account's debit.  NY UCC § 4-A-505; *Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 597 F.3d 84, 88 (2d Cir. 2010).

**CONCLUSION**

For the foregoing reasons, as well as those set forth in BANA's Moving Brief, this Court should dismiss Plaintiff's Complaint against BANA in its entirety with prejudice and without leave to amend as any amendment would be futile, and award any such other relief it deems just and proper.

Dated: New York, New York
       April 18, 2023

Respectfully submitted,

*/s/ Shan Massand*
Shan P. Massand
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Phone: (212) 548-2100
Fax: (212) 715-2314
smassand@mcguirewoods.com

*Attorneys for Defendant Bank of America, N.A.*