RECEIVED
SDNY PRO SE OFFICE
2023 MAY 24  PM 2:18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Svetlana Travis,
Plaintiff

v.                                                           Case No. 1:22-CV-10102-JPO

Bank of America, N.A.

Defendant

## PLAINTIFF'S REPLY MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS / LETTER

**Facts of the Case:**

Plaintiff Svetlana Travis states the following:

Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied, because Plaintiff found out about the fraud perpetuated on her account by Spitzer within the two-year deadline, and is relying upon a lawsuit from 2022 as evidence of its claim. Plaintiff filed her lawsuit when she became aware of the Defendant's breach of contract. The forms filled out by Plaintiff offered to put on a date of the breach, rather than a range of dates or "when one first discovered the breach." Plaintiff did not print these forms, and the summons itself is printed by a clerk. Therefore, Plaintiff's claim against Defendant is valid and should not be dismissed by this Court.

**Legal Argument:**

Under New York law, any Statute of Limitations generally begins to run when a cause of action accrues. **NY CPLR 203 [a],** and a breach of contract action accrues at the time of the breach. *Ely-Cruikshank Co. v. Bank*, 81 N.Y. 2d 399, 402 (N.Y. 1993). However, there is a two-year statute of limitations on the discovery of fraud, with New York law allowing claims to be brought "two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." **NY CPLR 213.8.** In addition, in order to prevail on a negligence claim, "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" *Solomon v. City of New York*, 66 N.Y.2d 1026, 1027, 499 N.Y.S.2d 392, 489 N.E.2d 1294 (1985). In addition, banks only owe a duty of care to actual customers instead of third parties. *Renner v Chase Manhattan Bank*, 98 Civ 926 (CSH), 1999 US Dist. LEXIS 978 (SD NY 1999) at 39-40; *Johnson v Chase Manhattan Bank*, 98 Civ 8173 (RMB)(RLE), 2000 US Dist. LEXIS 5587 at 15 (SD NY 2000). Finally, under the Uniform Commercial Code, "If the beneficiary's bank pays the person identified by name… no person has rights as beneficiary except the person paid by the beneficiary's bank" **UCC §4-A-207 (b)(2).**

A plaintiff pursuing a breach of contract claim in New York must plead facts showing: (1) existence of an agreement; (2) performance by plaintiff; (3) breach of contract by defendant; and (4) resulting damage. *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co.*, 375 F.3d 168, 177 (2d Cir. 2004). "Under New York law, absent a written agreement between the parties, 'a contract may be implied where inferences may be drawn from the facts and circumstances of the case and the intention of the parties as indicated by their conduct.'" *Bear Stearns Inv. Products, Inc. v. Hitachi Automotive Products (USA), Inc.*, 401 B.R. 598, 615 (S.D.N.Y. 2009) (quoting *Ellis v. Provident Life & Accident Ins. Co.*, 3 F. Supp. 2d 399, 409 (S.D.N.Y. 1998)).

When the parties' intent is unambiguous, the contract "must be enforced according to the plain meaning of its terms." *Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011) (citing *South Rd. Assocs., LLC v. IBM*, 826 N.E.2d 806, 809 (2005)). A contract is unambiguous where the contract's terms have "a definite and precise meaning, as to which there is no reasonable basis for a difference of opinion." *Id.* at 69 (citing *White v. Cont'l Cas. Co.*, 878 N.E.2d 1019, 1021(2007)). If reasonable minds could differ about the meaning of contractual language, however, such language is ambiguous. *Id.* (Citation omitted) ("[T]he language of a contract is ambiguous if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement."). Under New York law, "implicit in every contract is a covenant of good faith and fair dealing . . . which encompasses any promises that a reasonable person would understand to be included."

*Rowe v Great Atl. Pac. Tea Co.*, 46 N.Y.2d 62, 69 (N.Y. 1978). The Second Circuit has held that "[u]nder New York law, if an employee is a part of a plan that gives a committee sole discretion to interpret the plan and determine whether the employee is entitled to benefits under the plan, a court can review such determinations to see whether they were made fraudulently, in bad faith, or arbitrarily." *Lucente v. Int'l Bus. Machines Corp.*, 262 F. Supp. 2d 109, 114 (S.D.N.Y. 2003) (citing *Gehrhardt v. General Motors Corp.*, 581 F.2d 7 (2d Cir.1978); *Wyper v. Providence Washington Ins. Co.*, 533 F.2d 57 (2d Cir.1976); Bradford v. New York Times, 501 F.2d 51, 61 (2d Cir.1974)). More recently, in *Fishoff v. Coty Inc.*, the Second Circuit held that an incentive compensation plan that "contemplate[d] the exercise of discretion" by an employer also "include[d] a promise not to act arbitrarily or irrationally in exercising that discretion" under the implied covenant of good faith and fair dealing." *Fishoff v. Coty, Inc.*, 634 F. 3d 647, 653 (2d Cir. 2011).

"The elements of a cause of action for breach of contract are (1) formation of a contract between plaintiff and defendant, (2) performance by plaintiff, (3) defendant's failure to perform, [and] (4) resulting damage." 2 Leon C. Lazer, et al., *New York Pattern Jury Instructions – Civil § 4.1*, at 594 (2d ed. 2006); see also *JP Morgan Chase v. J.H. Elec. of N.Y., Inc.*, 69 A.D.3d 802, 803, 893 N.Y.S.2d 237 ; *Furia v. Furia*, 116 A.D.2d 694, 498 N.Y.S.2d 12, 13 (N.Y. App. Div. 1986); *Noise in Attic Prods., Inc. v London Records*, 10 AD3d 303, 307 (N.Y. App. Div. 2004). In addition, "a party alleging a breach of contract must demonstrate the existence of a contract reflecting the terms and conditions of their purported agreement. Moreover, the plaintiff's allegations must identify the provisions of the contract that were breached" *Canzona v Atanasio*, 118 AD3d 837, 839 (N.Y. App. Div. 2014).

"An implied-in-fact contract requires the same elements as an express contract including, consideration, mutual assent, legal capacity, and legal subject matter" *Canon U.S.A., Inc. v Stereo Advantage, Inc.*, 2019 NY Slip Op 32394[U]. "A contract implied in fact may result as an inference from the facts and circumstances of the case, although not formally stated in, and is derived from the presumed intention of the parties as indicated by their conduct" *Jemzura v. Jemzura*, 36 N.Y.2d 496, 503-504 (N.Y. 1975).

In this case, it is clear from the evidence that Defendant breached its duty of care by allowing a third party, namely, former New York Governor Eliot Spitzer, to commit acts of identity theft and fraud against Plaintiff. Contrary to its assertions, Plaintiff and Defendant did have an implied-in-fact contract in which Defendant agreed to act in Plaintiff's best interests and safeguard her bank account against fraudulent activity, which Defendant breached. Plaintiff and Defendant had an implied-in-fact contract based on the circumstances of the case and the conduct of the parties before the breach.

In addition, the forms provided by the Court explicitly give a date for the breach, and these forms are not prepared by Plaintiff, but by the Court itself. Therefore, any confusion regarding when Plaintiff became aware of the breach and when the Statute of Limitations began to run is not the

fault of Plaintiff. Therefore, Defendant is not entitled to have Plaintiff's claim dismissed, and its Motion to Dismiss this case should be denied.

**Conclusion**:

For the foregoing reasons, Plaintiff respectfully asks that this Court deny the Defendant's Motion to Dismiss and for any other relief that this Court deems just and appropriate.

Respectfully submitted,

Svetlana Travis,
Plaintiff Pro Se

May, 24 2023