UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SVETLANA TRAVIS,

                              Plaintiff,

-v-

BANK OF AMERICA, N.A.,

                              Defendant.

22-CV-10102 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Svetlana Travis, proceeding *pro se*, brings a claim for breach of contract against Defendant Bank of America, N.A. ("BANA"), alleging that it permitted a third party to fraudulently deposit checks into her bank account. Pending before the Court is Defendant's motion to dismiss the complaint. For the reasons that follow, the motion to dismiss is granted.

**I.    Background**

    **A.    Factual Background**

    The following facts are taken from the operative complaint (ECF No. 1-1), unless otherwise noted, and are assumed true for purposes of this motion to dismiss.

    Plaintiff Travis has had an account with BANA since at least 2011. (*Id.* at 3.) In 2016, she initiated a sexual assault lawsuit against Eliot Spitzer, the former governor of New York. (*Id.*) At the same time, according to Plaintiff, Spitzer began to deposit checks into Travis's BANA account without her knowledge by forging her endorsement on the checks. (*Id.* at 4.) Spitzer also obtained a debit or credit card that BANA issued to Plaintiff and began to use it for himself. (*Id.* at 3.) Because Travis was in Russia for some of this period — though she does not specify any particular dates — she was unaware of Spitzer's activity in her account. (*Id.* at 3-4.) Travis alleges that BANA should have been aware of Spitzer's fraudulent activity, however,

1

because (1) it was served with a subpoena for her account records from the "Bronx Police Department" and/or Bronx District Attorney on May 31, 2016[1] and therefore had notice that the checks were fraudulently endorsed and (2) it should have detected the fraudulent signature. (*Id.*)

According to Travis, the purpose of Spitzer's scheme was to fabricate an extortion claim against her, which he could in turn use as a defense in the sexual assault case. (*Id.* at 3.)

### B.    Procedural Background

On August 5, 2022, Travis filed a summons and complaint in the Civil Court of the City of New York, asserting the same claims that she raises in this matter. (ECF No. 17-1.) Travis later voluntarily discontinued that suit and commenced an action for breach of contract against BANA in the Supreme Court of the State of New York, New York County. (ECF No. 1-1.) BANA removed that action to this Court on November 29, 2022. (ECF No. 1.) On December 5, 2022, the Court ordered Travis and BANA to each submit letters identifying the basis upon which this action satisfies the $75,000 amount-in-controversy requirement set by 28 U.S.C. § 1332. (ECF No. 7.) Plaintiff's letter stated that BANA's alleged breach of contract caused her to be charged with grand larceny and incarcerated for nearly a year, which in turn cost her over $75,000 in lost earnings. (*See* ECF No. 12.) Defendant's letter asserted that Plaintiff's $1.5 million pre-removal settlement demand satisfied the jurisdictional requirement. (*See* ECF No. 13.)[2]

---

[1] Travis's brief in opposition to the motion to dismiss states that the subpoena was served in March 2016. (ECF No. 29 at 1.) The Court assumes that the date identified in the complaint is the accurate one.

[2] The Court concludes that these submissions are sufficient to support its exercise of jurisdiction over this case.

On January 13, 2023, BANA filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. (ECF No. 15.)

**II.      Legal Standard**

Pursuant to Rule 12(b)(6), a district court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a complainant must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means that a complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. A complaint is also properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

On a 12(b)(6) motion, "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (citation and internal quotation marks omitted).

Travis is proceeding *pro se*. "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs.*, Inc., 963 F.3d 240, 243 (2d Cir. 2020). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.* (citation omitted).

### III. Discussion

#### A. Statute of Limitations

BANA asserts that Travis's claim for breach of contract is time-barred. Under New York law, the statute of limitations for breach of contract is six years. *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007) (citing N.Y. C.P.L.R. § 213(2)). The limitations period begins to run when the plaintiff's cause of action accrues. *Id.* (citation omitted). "The plaintiff need not be aware of the breach or wrong to start the period running." *Id.* (citation omitted). But if "a contract requires continuing performance over a period of time, each successive breach may begin the statute of limitations running anew." *Id.* (citation omitted). Additionally, "[a]lthough the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015) (citation omitted).

According to the complaint, BANA allowed Spitzer to deposit fraudulent checks into Travis's account in 2016. The complaint fails to specify the exact date or dates when Spitzer made those deposits, alleging only that BANA was served with a subpoena on or about May 31, 2016. According to Travis, BANA was from that point onward on notice as to Spitzer's fraudulent conduct and the potential breach of contract. Because Travis does not specify the date of any successive breach on the face of the complaint, the Court must assume that the accrual date for the statute of limitations on the breach of contract claim was May 31, 2016. Travis filed her initial action on August 5, 2022, more than six years after the accrual date, making her complaint untimely under N.Y. C.P.L.R. § 213(2).

Travis counters that the applicable law is N.Y. C.P.L.R. § 213(8), which states that the statute of limitations for "an action based upon fraud" is the greater of six years from the date the

4

cause of action accrued or two years from the time the plaintiff discovered the fraud, or could have discovered it with reasonable diligence.  "The plaintiff bears the burden of establishing that the fraud could not have been discovered before the two-year period prior to the commencement of the action." *Guilbert v. Gardner*, 480 F.3d 140, 147 (2d Cir. 2007).  And "where the circumstances are such as to suggest to a person of ordinary intelligence the probability that he has been defrauded, a duty of inquiry arises, and if he omits that inquiry when it would have developed the truth, and shuts his eyes to the facts which call for investigation, knowledge of the fraud will be imputed to him."  *Id.* (citation omitted).

      Travis's attempt to rely on C.P.L.R. § 213(8) fails for two reasons.  First, her claim against BANA is for breach of contract — not fraud.  While she asserts that Spitzer engaged in fraudulent conduct, he is not a party to this matter.  Second, even if the Court were to determine that this action is "based upon fraud" as contemplated by the statute, Travis's claim would still be time-barred.  She has failed to establish that there was no way for her to discover the allegedly fraudulent conduct before 2020, i.e., two years before she commenced this action.

      In her complaint, Travis alleges that in 2016, while she was embroiled in the sexual assault lawsuit against Spitzer, BANA "allowed for Spitzer to make transactions in [her] name and accepted checks that featured [her] forged signature."  (ECF No. 1-1 at 3.)  Also in 2016, Plaintiff was charged with grand larceny and forgery based on accusations that she extorted money from Spitzer.  *See* "Woman Who Accused Spitzer of Assault Faces Extortion Charges," N.Y. TIMES, Oct. 11, 2016, https://www.nytimes.com/2016/10/12/nyregion/eliot-spitzer-assault-extortion.html (recounting details of criminal case against Travis (referred to as Svetlana Travis Zakharova) and reporting prosecutor's allegation that Spitzer made payments ranging from $3,000 to $50,000 to Travis, "sometimes writing her name onto checks and other times using

5

wire payments.").[3]  According to Travis, she did not extort Spitzer.  Instead, she alleges, Spitzer forged her signature and deposited checks into her account without her knowledge to frame her for extortion.  On this theory, Travis's duty of inquiry arose in 2016 because the facts known to her called for an investigation into how and why money whose origin she was allegedly unaware of had been deposited into her bank account.  This is particularly true because "Defendant cut [Travis] off as a client a few weeks before her arrest," indicating that Travis had received notice about some degree of suspicious activity relating to the account.  (ECF No. 29 at 2.)

And while Travis argues in her opposition brief that she did not realize that Spitzer forged the checks until 2022 (ECF No. 29 at 1), that assertion is conclusory and lacks any supporting basis.[4]  Travis has therefore failed to carry her burden to establish that she could not have discovered the alleged fraud within the specified period.

Because Travis's claim is time-barred, the Court need not reach the merits of her breach of contract allegation.

Finally, BANA moves to dismiss the complaint with prejudice.  While complaints brought by *pro se* litigants are typically dismissed without prejudice, dismissal with prejudice is appropriate where the plaintiff's claims fail on statute of limitations grounds because "any amendment [is] highly unlikely to cure the deficiencies."  *Murphy v. Morlitz*, No. 15-CV-7256, 2017 WL 4221472, at *10 (S.D.N.Y. Sept. 21, 2017), *aff'd*, 751 F. App'x 28 (2d Cir. 2018). Plaintiff's claim is therefore dismissed with prejudice.

---

[3] "Generally, courts considering a motion to dismiss may take judicial notice of the fact that press coverage . . . contained certain information so long as they do not rely on the truth of that information." *New Jersey Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 127 (2d Cir. 2013) (citation omitted).

[4] Travis makes the same argument in a letter submitted to the Court on May 24, 2023, which the Court will construe and consider as a surreply.  (ECF No. 31.)

### IV.     Conclusion

For the foregoing reasons, Defendant's motion dismiss is granted. The complaint is dismissed with prejudice.

The Clerk of Court is directed to close the motion at ECF No. 15 and to close this case.

SO ORDERED.

Dated:  July 5, 2023
        New York, New York

_____
J. PAUL OETKEN
United States District Judge